## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 13** |
| **JOSEPH ANTHONY HARRIS** | : | |
| Debtor | : | **CASE NO. 1:22-bk-01405** |
| | : | |
| | : | ☑ ORIGINAL PLAN |
| | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☑ Not Included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### 1. PLAN FUNDING AND LENGTH OF PLAN.

**A**. **Plan Payments From Future Income**

1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $34,320.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/2022 | 08/2027 | $572.00 | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $34,320.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

**B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is $8,627.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☑ No assets will be liquidated. If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.
☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2. SECURED CLAIMS**
   **A. <u>Pre-Confirmation Distributions</u>.** *Check one*.
☑ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

   **B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one*.
☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| NAVY FCU | 2021 Sportsmen RV travel trailer | XXXXXXXXXX 9551 |
| NAVY FCU | 2017 Dodge ProMaster | XXXXXXXXXX 1575 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**
   *Check one.*
☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| NAVY FCU | 2021 Sportsmen RV travel trailer | Per allowed proof of claim $ estimated | | Per allowed proof of claim |
| NAVY FCU | 2017 Dodge ProMaster | Per allowed proof of claim $ estimated | | Per allowed proof of claim |
| PARAMOUNT RESIDENTIAL | 4404 Berkley Street, Harrisburg, PA | Per allowed proof of claim $ estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include:
(1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of  the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|

| NAVY FCU | 2016 Ford F150 | | | $Payment through plan of allowed secured claim |
|----------|----------------|---|---|------------------------------------------------|

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.
☑ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*
☐ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☑ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|------------------|---------------------------------------------|
| ONEMAIN FINANCIAL | 2004 Chevrolet Express Van |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one*.
☑ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

### 3. PRIORITY CLAIMS.
#### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
2. Attorney's fees. Complete only one of the following options:
     a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $5,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
     b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).
  3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☑ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

#### B. Priority Claims (including, certain Domestic Support Obligations
Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|------------------|-------------------------|
| IRS | per allowed proof of claim |

#### C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one of the following two lines.*
☑ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

### 4. UNSECURED CLAIMS
#### A. Claims of Unsecured Nonpriority Creditors Specially Classified. *Check one of the following two lines.*
☑ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**B.**    All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
☐   None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☑   The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| STORAGE SENSE | | $ | % | | | Assumed |

**6. VESTING OF PROPERTY OF THE ESTATE**.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☑ closing of case:

**7. DISCHARGE**: (Check one)
☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:        Adequate protection payments.
Level 2:        Debtor's attorney's fees.
Level 3:        Domestic Support Obligations.
Level 4:        Secured claims, pro rata.
Level 5:        Priority claims, pro rata.
Level 6:        Specially classified unsecured claims.
Level 7:        General unsecured claims.
Level 8:        Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**
   (1)   Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2)   Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims unless a creditor files an allowed amended claim with sufficient evidence establishing that it is entitled to a deficiency portion of the claim.
   (3) Part 1A of the Plan calculations for minimum payment to unsecured creditors includes unsecured claims, and administrative expenses/fees such as trustee's commission and attorney fees.
   (4) Lien Releases.
      (a) Personal Property:  Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the

discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(5) Confirmation of this Plan shall not bar the Debtor from:

(a) filing objections to any claims;

(b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

(c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

(d) seeking a determination as to the dischargeability of any debt; or

(e) selling any asset free and clear of liens and encumbrances by motion or adversary.


/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


 /s/  Joseph Anthony Harris
Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9